**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY NEGRON | : | |
| | : | |
| Appellant | : | No. 327 MDA 2024 |

Appeal from the PCRA Order Entered January 29, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005100-2016

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: JUNE 24, 2025**

Appellant Jerry Negron appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition. Appellant raises layered claims of ineffective assistance of counsel that include trial counsel and PCRA counsel for the first time on appeal pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). After review, we affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> [Appellant] was charged with the following offenses arising from incidents alleged to have occurred between January 1, 2005, and December 31, 2015: three counts of involuntary deviate sexual intercourse [(IDSI)],[fn1] two counts of aggravated indecent

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

assault,[fn2] two counts of indecent assault,[fn3] seven counts of corruption of minors,[fn4] four counts of indecent exposure,[fn5] and one count of sexual assault.[fn6]  On July 20, 2017, a jury found [Appellant] guilty of two counts of [IDSI], one count of sexual assault, one count of aggravated indecent assault, one count of indecent assault, three counts of indecent exposure and six counts of corruption of minors.[2]  On October 26, 2017, this court imposed an aggregate sentence on [Appellant] of not less than twenty-eight (28) years nor more than seventy-one (71) years in a state correctional facility  followed by fifteen (15) years of special probation.  [Appellant] was also found to be a sexually violent predator (SVP) and, as a result of that designation, acknowledged that he would be subject to the provisions of Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S. § 9799.10, *et seq.* (hereinafter referred to as SORNA), and required to register with the Pennsylvania State Police for the remainder of his lifetime.  On November 6, 2017, [Appellant] filed a post-sentence motion which this court denied by order dated November 14, 2017.  On November 6, 2017, this court granted [Appellant's] petition to file an amended post-sentence motion. [Appellant] filed an amended post-sentence motion/motion for reconsideration on December 15, 2017, which was denied by this court on December 20, 2017.

[fn1] 18 Pa.C.S. § 3123(a)(7).

[fn2] One count of 18 Pa.C.S. § 3125(a)(7) and one count of 18 Pa.C.S. § 3125(a)(8).

[fn3] One count of 18 Pa.C.S. § 3126(a)(7) and one count of 18 Pa.C.S. § 3126(a)(8).

[fn4] Four counts of 18 Pa.C.S. § 6301(a)(1)[(i)] and three counts of 18 Pa.C.S. § 6301(a)(1)(ii).

---

2 There were four separate minor female complainants: K.T., L.T., Y.T., and K.G., and Appellant was charged with nineteen separate criminal acts and found guilty of fourteen of them.  **See** Verdict Sheet, 7/20/17, at 1-3 (unpaginated).  Appellant was acquitted of indecent exposure and corruption of minors with respect to complainant K.G., and he was acquitted of IDSI, aggravated indecent assault, and indecent assault with respect to K.T.  **See id.**  Appellant was found guilty of the remaining fourteen charges concerning K.T., L.T., and Y.T.  **See id.**

[fn5] 18 Pa.C.S. § 3127(a).

[fn6] 18 Pa.C.S. § 3124.1.

On January 8, 2018, [Appellant] filed a notice of appeal to the Superior Court of Pennsylvania from the judgment of sentence entered on October 26, 2017. On October 2, 2018, the Superior Court vacated [Appellant's] SVP designation based on *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), and the portion of this Court's sentencing order requiring [Appellant] to comply with SORNA based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). [*See Commonwealth v. Negron*, 66 MDA 2018, 2018 WL 4705813 (Pa. Super. filed Oct. 2, 2018) (unpublished mem.).] The judgment of sentence was affirmed in all other respects. The case was remanded to this court to provide notice to [Appellant] of his tier-based registration requirements. However, the Superior Court's decision in *Butler* was reversed by the Pennsylvania Supreme Court on March 26, 2020 in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) [(*Butler II*)]. The Supreme Court held that the procedure for designating individuals as sexually violent predators remained constitutionally permissible. On April 12, 2021, following a hearing, this court found that [Appellant] was a[n] SVP.

On August 13, 2021, [Appellant], by and through counsel, Eugene P. Tinari, Esquire (Attorney Tinari), filed a "motion to amend [Appellant's *pro se*] motion for a new trial as a [PCRA] petition." [Appellant] had previously filed a *pro se* motion for a new trial on January 27, 2020. A hearing was held on November 30, 2021, to address the motion to amend. At that time, Attorney Tinari informed this court that he would be filing an amended PCRA petition on [Appellant's] behalf.

On April 4, 2022, [Appellant] filed a *pro se* [amended PCRA] petition. On May 2, 2022, Attorney Tinari filed [Appellant's] [counseled amended PCRA] petition[.] On June 10, 2022, Attorney Tinari filed [a second amended PCRA] petition. On July 2[7], 2022, upon consideration of [Appellant's PCRA] petitions and with the agreement of the Commonwealth, [Appellant's] right to file a petition for [allowance of appeal] to the Pennsylvania Supreme Court was reinstated *nunc pro tunc*. [Appellant's] remaining allegations were stayed pending a decision from the

Supreme Court. Upon review of the docket entries, it does not appear that a petition was ever filed with the Supreme Court.[3]

On October 11, 2022, upon motion of Attorney Tinari, this court entered an order withdrawing Attorney Tinari as [Appellant's] counsel. On October 17, 2022, Douglas Waltman Esquire (Attorney Waltman), was appointed as [Appellant's] PCRA counsel. On January 24, 2023, Attorney Waltman filed a motion to amend [Appellant's] sentencing orders to correct the omission of 371 days credit [for time served] owed to [Appellant] at sentencing. As requested by Attorney Waltman, this court subsequently amended [Appellant's] sentence on [IDSI] to include his credit time.

On January 26, 2023, Attorney Waltman filed a motion to withdraw [Appellant's PCRA] petition, a motion to withdraw his appearance and a no-merit letter. Within his no-merit letter, Attorney Waltman stated that he reviewed [Appellant's issues] and determined they were meritless. On August 16, 2023, this court denied Attorney Waltman's motions without prejudice and scheduled a hearing limited to addressing [Appellant's] claim that he did not knowingly waive his right to seek review in the Pennsylvania Supreme Court. A hearing was held on September 14, 2023, to address that issue.

After a careful, independent review of the record, this court agreed with Attorney Waltman that [Appellant's] claims are without merit, and he is not entitled to relief under the PCRA. Accordingly, on December 18, 2023, this court entered an order and notice [of intent] to dismiss [Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907].

PCRA Ct. Op., 5/13/24, at 1-4 (some formatting altered).

However, before the PCRA court filed an order dismissing Appellant's

PCRA petition, Appellant retained new counsel (Current Counsel). Current

counsel filed an objection to the PCRA court's Rule 907 notice to dismiss the

_____

[3] Appellant concedes and the record confirms that Appellant ultimately did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *See* Appellant's Brief at 7.

- 4 -

PCRA petition without a hearing and a requested a stay pending review of the record. **See** Objection and Mot. to Stay, 1/8/24, at 1. Current Counsel stated that Appellant had retained him that morning, and Current Counsel requested sixty days to review the record to enable him to file an amended PCRA petition while Appellant's PCRA claims remained pending before the PCRA court. **See id.** at 2.

Current Counsel further noted that if a stay was denied, there were claims that could be presented directly to the Superior Court under **Bradley**, but it would be more efficient for Appellant to raise his claims for the first time before the PCRA court and stated that "[r]aising new claims on appeal or at later stages in the proceeding, however, will only serve to delay matters and make it more difficult for both the Commonwealth and [Appellant] to obtain justice." **Id.** at 3-4. Current Counsel stated that "[t]he stay requested would actually promote judicial economy and finality in that [Appellant] would then not be able to raise claims on a later date pursuant to **Bradley** or [in federal court under] **Martinez** [**v. Ryan**, 566 U.S. 1 (2012) (finding ineffective assistance of PCRA counsel claims may be raised in federal habeas proceedings under some circumstances)]." **Id.** at 3. Accordingly, Current Counsel concluded: "Therefore, [Appellant] objects to the [Rule] 907 notice of intent to dismiss and moves that the [PCRA] court stay the proceedings for sixty days." **Id.** at 4 (some formatting altered).

However, on January 29, 2024, the PCRA court denied Current Counsel's motion for a stay and dismissed Appellant's PCRA petition without a hearing.

Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. In his Rule 1925(b) statement, Appellant noted that he was raising layered claims of prior PCRA counsel's ineffectiveness pursuant to **Bradley**, which allows a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity even if on appeal.[4] **See** Rule 1925(b) Statement, 3/27/24, at 2 (unpaginated).

On appeal, Appellant raises the following issues:

1. Did trial counsel provide the ineffective assistance of counsel where counsel failed to request a cautionary instruction relating to the introduction of prior bad acts evidence under Pa.R.E. 404(b), and should prior PCRA counsel have raised this claim in a PCRA petition?

2. Was trial counsel ineffective in introducing and failing to object to inadmissible evidence of [Appellant's] pre- and post-arrest silence, and were all prior PCRA counsel ineffective in failing to raise this claim in a PCRA petition?

_____

[4] Appellant presented the claims he now raises on appeal for the first time in his Rule 1925(b) statement. We note that typically, any claims not first raised before the PCRA court are waived on appeal. **See** Pa.R.A.P. 302(a). However, in all of his issues, Appellant raises layered claims of ineffective assistance of counsel that include trial counsel and prior PCRA counsel. Our Supreme Court has adopted a rule permitting PCRA petitioners to "raise claims of ineffective [assistance of] PCRA counsel at the first opportunity, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021). This Court has held that **Bradley** permits us to review an allegation of PCRA counsel's ineffectiveness, even if it is raised for the first time on appeal, rather than in a response to a Rule 907 notice. **See Commonwealth v. Taylor**, 1654 MDA 2022, 2023 WL 5202414, at *3 (Pa. Super. filed Aug. 14, 2023) (unpublished mem.); **see also** Pa.R.A.P. 126(b) (stating that unpublished memoranda filed after May 1, 2019 may be cited for persuasive value). Appellant correctly cites **Bradley** as support for his ability to raise these issues for the first time on appeal in his Rule 1925(b) statement. **See** Rule 1925(b) Statement, 3/27/24, at 2 (unpaginated); Appellant's Brief at 9, 26. Accordingly, will review Appellant's issues on their merits.

3. Did trial counsel provide the ineffective assistance of counsel, and should all prior PCRA counsel have raised the issue in the PCRA proceedings, where trial counsel intentionally introduced evidence in a sexual assault case in which credibility was extremely important that [Appellant] cheated on his wife and lied about it?

4. Did trial counsel provide the ineffective assistance of counsel, and should [prior] PCRA counsel have raised the issue in PCRA proceedings, where trial counsel failed to object and move for a mistrial or cautionary instruction when the prosecutor repeatedly calling [Appellant] a monster like Dr. Jekyll and Mr. Hyde during opening and closing arguments?

Appellant's Brief at 4-5 (some formatting altered).

At the outset, we note that the timeliness of a PCRA petition is jurisdictional, and if a PCRA petition is untimely, a court lacks jurisdiction to consider it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 123 (Pa. Super. 2014) (explaining that courts do not have jurisdiction over an untimely PCRA petition).

Here, the procedure in this matter is somewhat convoluted, but neither the parties nor the PCRA court contend that Appellant's underlying PCRA petition was untimely. *See* Appellant's Brief at 6. As noted, Appellant was first sentenced on October 26, 2017. On direct appeal, this Court vacated Appellant's sentence classifying him as an SVP and as to the SORNA registration requirements and remanded the matter to the trial court to advise Appellant of his tier-based registration requirements. *See Negron*, 2018 WL 4705813, at *9. However, *Butler II* was then decided, and Appellant was re-sentenced on April 12, 2021, and classified as an SVP. Accordingly, for

- 7 -

purposes of the PCRA, Appellant's April 12, 2021 judgment of sentence became final thirty days later. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Accordingly, Appellant had one year from May 12, 2021, or until May 12, 2022, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

On May 2, 2022, Attorney Tinari filed a counseled PCRA petition on behalf of Appellant. Accordingly, Appellant's first PCRA petition was timely filed. Thereafter, Attorney Tinari filed an amended PCRA petition, and the PCRA court granted that amended petition in part, and reinstated Appellant's direct appeal right *nunc pro tunc* to seek allowance of appeal in our Supreme Court and noted that the balance of Appellant's amended PCRA remained pending after partial PCRA relief was granted. *See* Order 7/27/22; PCRA Ct. Op. 5/13/24, at 3. Because the PCRA court reinstated Appellant's direct appeal right *nunc pro tunc* to pursue a petition for allowance of appeal in the Pennsylvania Supreme Court on July 27, 2022, Appellant's judgment of sentence was not final until August 26, 2022, when the time for Appellant to pursue allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also* ***Commonwealth v. Turner***, 73 A.3d 1283, 1285-86 (Pa. Super. 2013) (explaining that the time period for filing a petition under PCRA restarts, upon grant of first PCRA petition, 30 days after order reinstating the petitioner's direct appeal rights if no appeal is filed, and holding that a petition filed within

one-year statutory period following order of reinstatement constituted a timely-filed first petition). Accordingly, Appellant had one year, or until August 26, 2023, to file a timely PCRA petition.

When the time expired for Appellant to pursue his reinstated right to petition for allowance of appeal in our Supreme Court, the PCRA court had not yet disposed of Appellant's PCRA claims which remained pending in the PCRA court. Moreover, before the PCRA disposed of Appellant's outstanding issues, Appellant filed subsequent petitions for relief in the PCRA court. *See* Mot. for Credit for Time Served, 1/24/23; No-merit Letter, 1/26/23. These subsequent documents were filed prior to August 26, 2023.[5] Because Appellant's first PCRA petition was timely filed, resulting in partial relief, but where issues remained pending before the PCRA court, and because Appellant never pursued an appeal in our Supreme Court, we conclude that under the facts and procedure presented here, the PCRA court never lost jurisdiction over Appellant's timely first PCRA petition and Appellant's multiple subsequent amended petitions for PCRA relief. Indeed, the PCRA court did not issue a final order disposing of Appellant's timely PCRA petition and subsequent petitions until January 29, 2024. Accordingly, Appellant's first PCRA petition was timely, and the PCRA court accepted Appellant's subsequent PCRA petitions as amended petitions which related back to the timely PCRA petition.

---

[5] As noted, the PCRA court awarded Appellant credit for time served, however Appellant's remaining PCRA claims and the no-merit letter remained outstanding.

*See, e.g., Commonwealth v. Imhoff*, 125 WDA 2023, 2024 WL 2874309, at \*8 (Pa. Super. filed Jun. 7, 2024) (unpublished mem.) (providing that where the appellant's amended petition related back to his timely first PCRA petition, which remained pending before the PCRA court, the "PCRA court thus had jurisdiction to consider the amended petition, and [the Superior] Court has jurisdiction to review" the PCRA court's decision), *appeal denied*, 330 A.3d 1246 (Pa. 2024). Therefore, the PCRA court had jurisdiction to consider the amended petitions,[6] and now this Court has jurisdiction to review the January 29, 2024 order. *See id.* Accordingly, we continue with our discussion.

The standard of review we apply when reviewing a challenge to an order dismissing a PCRA petition is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citations and quotations omitted). A PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief."

---

[6] It well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007).

*Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted). Further, we note that:

> Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim. To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct.

*Commonwealth v. Thomas*, 323 A.3d 611, 620-21 (Pa. 2024) (citations omitted). Finally, it is well settled that counsel is not ineffective for failing to raise a meritless claim. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

As noted, Appellant raises all of his issues pursuant to *Bradley*, so we must first determine whether this matter should be remanded for an evidentiary hearing. We note that the decision of whether to hold a PCRA evidentiary hearing is an exercise of discretion on the part of the PCRA court, and we review for an abuse of that discretion. *Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its

- 11 -

determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*    *    *

Generally, if there are factual issues to be resolved, the PCRA court should hold an evidentiary hearing.

**Commonwealth v. Grayson**, 212 A.3d 1047, 1054-55 (Pa. Super. 2019) (citations omitted and formatting altered).

In **Bradley**, our Supreme Court reaffirmed the Court's preference for evidentiary hearings and explained:

In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

**Bradley**, 261 A.3d at 402 (citations and footnote omitted and formatting altered).

### Issues 1 and 2

In his first issue, Appellant raises layered ineffectiveness claims that prior PCRA counsel were ineffective for failing to raise trial counsel's ineffectiveness and that trial counsel was ineffective for failing to request a cautionary instruction for prior bad acts evidence under Pa.R.E. 404(b).

Appellant's Brief at 31-40. Appellant contends that he suffered prejudice and is entitled to a new trial or the opportunity to file an amended PCRA petition. *See id.* at 36-40. Specifically, Appellant argues that during trial, the Commonwealth introduced testimony from S.C., Appellant's wife's sister, on rebuttal, who alleged that when she was fifteen, Appellant would walk around the house naked while masturbating. S.C. also testified that Appellant wrote her a letter when she was fifteen stating that he liked her body. This testimony was admitted over a pretrial objection, and when the evidence came in at trial on rebuttal, trial counsel inexplicably failed to request a cautionary instruction for prior bad acts/propensity evidence under Pa.R.E. 404(b). Further, during closing statements to the jury, the Commonwealth emphasized S.C.'s testimony and demeanor, arguing it was credible and consistent with the victims' accounts of Appellant's actions. Appellant notes that the Commonwealth urged the jury to consider this testimony when evaluating witness credibility. *See id.* at 32-33. Appellant argues that this evidence was intended to show Appellant's propensity to engage in inappropriate acts with children. *See id.* at 34. For these reasons, Appellant contends that there was no basis for trial counsel not to request a cautionary instruction, Appellant claims trial counsel was ineffective for failing to request such an instruction, and prior PCRA counsel were also ineffective for failing to raise trial counsel's ineffectiveness. *See id.* at 40.

In his second issue, Appellant argues that trial counsel rendered ineffective assistance by telling the jury during opening statements that

Appellant never spoke to police, thereby referencing both Appellant's pre-arrest and post-arrest silence. *See id.* at 40. Counsel compounded the error by failing to object or move for a mistrial when a Commonwealth witness, Detective Anthony Garipoli, repeatedly testified that he had attempted, but was unable, to interview Appellant. *See id.* at 40-41. Appellant contends that both trial counsel and the Commonwealth violated Appellant's constitutional rights under the Fifth Amendment and Article I, Section 9 of the Pennsylvania Constitution, which protect against self-incrimination and guarantee the right to remain silent. *See id.* at 41-44. The introduction of this silence as evidence was highly prejudicial and lacked probative value. *See id.* at 48-49. Further, trial counsel should have also objected because the evidence was far more prejudicial than probative under Pa.R.E. 401 and Pa.R.E. 403. *See id.* at 53. Additionally, Appellant argues that prior PCRA counsel were ineffective for not raising this issue. *See id.* at 41.

After careful review, we conclude that Appellant thoroughly developed his first two issues, which he sought to raise in an amended PCRA petition. We note that:

> It is not an appellate court's function to engage in fact-finding. *Commonwealth v. Shaw*, 247 A.3d 1008, 1017 (Pa. 2021). The PCRA court is "the appropriate—and, indeed, the only—forum for the evidentiary and factual development" of PCRA claims. *Id.* In *Bradley*, our Supreme Court also acknowledged that remand might be proper in certain cases where ineffectiveness claims are raised on appeal in the first instance[.]

*Commonwealth v. Holloway*, 593 EDA 2023, 2024 WL 3273382, at *4 (Pa. Super. filed Jul. 2, 2024) (unpublished mem.) (some formatting altered and some citations omitted). This Court in *Holloway* further explained that although the appellant in that case challenged PCRA counsel's effectiveness for the first time on appeal, the appellant's claims "have not been developed outside of the arguments included in the appellate brief." *Id.* Further, the appellant had not been afforded "the opportunity to proffer input from prior counsel regarding the 'strategic basis' for their actions." *Id.* (citation omitted).

Moreover, Appellant's first two issues are more than mere boilerplate assertions of ineffectiveness. *See Bradley*, 261 A.3d at 402 (noting that a petitioner must raise "more than mere boilerplate assertions of PCRA counsel's ineffectiveness" and that "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded" (citations and footnote omitted and formatting altered)); *see also Grayson*, 212 A.3d at 1054-55. Further, as stated, "[i]t is not an appellate court's function to engage in fact-finding." *Shaw*, 247 A.3d at 1017 (citation omitted). Therefore, because the PCRA court is "the appropriate—and, indeed, the only—forum for the evidentiary and factual development," we conclude that remand is necessary for the PCRA court to address Appellant's first two claims. *Id.* (citation omitted).

- 15 -

Accordingly, under the circumstances presented here, we reverse the PCRA court's order and remand this matter for the PCRA court to permit current counsel to file an amended PCRA petition raising issues one and two and for the PCRA court to hold an evidentiary hearing on Appellant's amended petition.[7]  *See*, *e.g.*, *Holloway*, 2024 WL 3273382, at *4; *Commonwealth v. Maitre*, 1235 EDA 2022, 2024 WL 223261, at *3 (Pa. Super. filed Jan. 22, 2024) (unpublished mem.).

**Issue 3**

In his third issue, Appellant argues that trial counsel's decision to intentionally introduce evidence of Appellant's marital infidelity was inexplicable.  *See* Appellant's Brief at 56.  Appellant notes that trial counsel

---

[7] In addressing Appellant's first claim of error alleging that trial counsel was ineffective for failing to request a cautionary instruction regarding the introduction of prior bad acts evidence under Pa.R.E. 404(b), the PCRA court concluded that Appellant failed to prove prejudice with respect to this issue in his Rule 1925(b) statement.  *See* PCRA Ct. Op., 5/13/24, at 8.  Appellant responded to the PCRA court's conclusion as follows:

> The [Rule 1925(b)] concise statement of errors is not the place for a full brief, and [Appellant], through undersigned counsel, begged the PCRA court to stay the proceedings and allow him to file a real PCRA petition.  The PCRA court denied that request, thereby preventing [Appellant] from filing the very brief it now opines he should have filed.  [Appellant] preserved the claim for this appeal by raising it at the first opportunity: he asked the PCRA court for permission to file an amended [PCRA] petition, the court denied that request, and he then included the issue in the statement of errors and this brief.

Appellant's Brief at 39-40.  Contrary to the PCRA court's findings, we conclude that Appellant identified the issue concerning a cautionary instruction at the first opportunity pursuant to *Bradley* and preserved the issue on appeal.

intentionally introduced this evidence, called Appellant's wife to the stand to testify about it, and then asked Appellant to testify about this subject when he was called to the stand. This opened the door to the prosecution asking Appellant about when he saw these other women, and it put Appellant in a situation where he had to admit that he committed adultery and lied to his wife. *See id.* Appellant contends that credibility was crucial, and trial counsel introduced evidence of Appellant's dishonesty. *See id.* Appellant argues that "[t]he evidence had zero probative value, and it was unbelievably prejudicial in that it painted [Appellant] as a sex-crazed liar rather than someone who could not have engaged in the conduct charged." *Id.* Appellant continued and asserted that trial counsel's strategy was that she

> somehow thought that showing that her client liked adult women would convince a jury that he could not have liked minors or that he had access to sex. That strategy was an absurdity. There is no reason to believe that someone who has sex with adult women would not also be able to illegally have sex with minors, and introducing this evidence required telling the jury that [Appellant] was a liar in a case in which his credibility was absolutely critical.

*Id.* at 57. Appellant contends that trial counsel's strategy was not reasonable under the circumstances, and prior PCRA counsel were ineffective for failing to raise this issue. *Id.* at 63.

We note that:

> With regard to the [] reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [the] appellant proves that an alternative not chosen offered a

- 17 -

potential for success substantially greater than the course actually pursued.

***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (formatting altered and citations omitted).

Here, the PCRA court explained:

[T]he trial transcript reveals trial counsel's strategy. Trial counsel argued to the jury that [Appellant] disclosed his "innermost instances of sexuality" to [these other women] as evidence that he is sexually attracted to adult females, not children. N.T. [7/18-20/17,] at 356. [Trial counsel] also told the jury that the testimony offered by [Appellant] and his wife established that he is sexually attracted to adult females over the age of 25 and that, starting in 2009, [Appellant] had different relationships with consenting adult women. ***Id.*** at 358. Trial counsel again stated that [Appellant] is sexually attracted to adult women. ***Id.*** Clearly, trial counsel's strategy was to convince the jury that [Appellant's] sexual encounters with adult women while married was evidence of his sexual attraction for adult women, not the victims in this case. [T]his [c]ourt will conclude that "counsel's chosen strategy lacked a reasonable basis only if [Appellant] proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." []***Chmiel***, [30 A.3d at] 1127[]. [Appellant] has offered no alternative. He simply complains that trial counsel's strategy was detrimental to his case. However, this [c]ourt finds that the strategy employed by trial counsel was reasonable. [Appellant] is not entitled to relief.

Rule 907 Notice, 12/18/23, at 32-33.

After review, we conclude that the PCRA court's determination was supported by the record and free from legal error. ***Staton***, 184 A.3d at 954. Because trial counsel proffered a reasonable strategic basis, and Appellant has not presented an alternative strategy with substantially greater potential for success, Appellant's claim of trial counsel's ineffectiveness fails. ***See Thomas***, 323 A.3d at 621 (explaining that the failure to satisfy any one of

three prongs for the test for ineffective assistance of counsel is fatal to the claim); **Chmiel**, 30 A.3d at 1127. Further, because we agree with the PCRA court that trial counsel was not ineffective on this issue and that the claim lacks merit, prior PCRA counsel cannot be ineffective for failing to raise this claim. **See Spotz**, 896 A.2d at 1210. Accordingly, we conclude that Appellant is not entitled to relief on his third claim concerning the introduction of his marital infidelity, and we affirm the PCRA court's order with respect to Appellant's third issue.

## Issue 4

In his fourth issue, Appellant argues that trial counsel was ineffective and should have objected and moved for a mistrial when the prosecutor referred to Appellant as a monster and "Dr. Jekyll and Mr. Hyde" during opening statements and closing statements. **See** Appellant's Brief at 63. Appellant contends that he suffered prejudice and that there was no reasonable basis not to object to these comments, and he asserts that these statements inflamed the passions of the jury and prejudiced Appellant. **Id.** at 63-64. Appellant asserts that prior PCRA counsel were ineffective for failing to raise this claim of trial counsel's ineffectiveness. **See id.** at 68.

In addressing Appellant's claim regarding the Commonwealth's reference to Dr. Jekyll and Mr. Hyde, the PCRA court explained:

> "A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present his or her arguments with logical force and vigor." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted). "Although a prosecutor may argue to the jury that the evidence

- 19 -

establishes the defendant's guilt, arguments from personal opinion as to the guilt of the accused are not proper." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 408 (Pa. 2011) (citations omitted).

> Generally, a prosecutor's arguments to the jury do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds a fixed bias and hostility towards the defendant which would prevent them from properly weighing the evidence and rendering a true verdict.

***Commonwealth v. Campbell***, 260 A.3d 272, 280 (Pa. Super. 2021) (citation, quotation marks and alteration omitted).

> [The Superior Court has] explained that [a] review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. A prosecutor's comments must be examined within the context of defense counsel's conduct, and the prosecutor may fairly respond to points made by the defense. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

[***Id.***] at 281 (internal citations, alterations and quotation marks omitted).

In this case, [Appellant] is correct that the Commonwealth referenced the story of Dr. Jekyll and Mr. Hyde when discussing [Appellant] in their opening statement and then referred to [Appellant] as a "monster" living among us during closing argument. N.T. [7/18-20/27,] at 31, 32, 362. However, although this [c]ourt finds that the Commonwealth's statements were poorly worded, the statements did not have the unavoidable effect of prejudicing the jury and forming in their minds a fixed bias and hostility towards [Appellant]. Instead, the record shows that the jury carefully considered each of the charges against [Appellant] and, in fact, returned a not guilty verdict on five of those charges. Therefore, [Appellant's] claim lacks merit.

Rule 907 Notice, 12/18/23, at 26-27.

Following our review, we conclude that the PCRA court's determination was supported by the record and free from legal error. ***Staton***, 184 A.3d at 954. Although the Commonwealth's statements may have been harsh, Appellant is not entitled to a sanitized trial especially given the fact that the instant case involved the trial of disturbing allegations of nineteen criminal acts of sexual abuse involving four female minors.[8] Accordingly, we discern no error in the PCRA court's conclusion that the Commonwealth's choice of words caused Appellant's prejudice, or that but for trial counsel's failure to object to these statements the result of the trial could have been different. ***See Thomas***, 323 A.3d at 620-21. Accordingly, we concluded that Appellant is not entitled to relief on his fourth issue concerning the Commonwealth's use of the words monster and Dr. Jekyll and Mr. Hyde, and we affirm the PCRA court's order on Appellant's fourth issue. ***See id.*** (explaining that the failure to satisfy any one of three prongs for the test for ineffective assistance of counsel is fatal to the claim).

For the reasons set forth above, we affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[8] ***See Commonwealth v. Harris***, 1757 EDA 2023, 2024 WL 5087467, at *5 n.5 (Pa. Super. filed Dec. 12, 2024) (unpublished mem.) (stating "[w]e have long held that the trial court need not sanitize the record of all negative inferences against a defendant" (citations and quotation marks omitted)).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2025